IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FELIX AARON MORALES RODRIGUEZ, | : : : |
| Petitioner, | : : |
| v. | : CASE NO. 4:12-CV-336-CDL-MSH : 28 U.S.C. § 2241 |
| WARDEN DENNIS HASTY, | : : |
| Respondent. | : |

_____

### REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss (ECF No. 14). Petitioner failed to respond to the motion to dismiss. For the reasons explained below, it is recommended that Respondent's motion be granted.

### BACKGROUND

Petitioner filed his application for habeas relief pursuant to 28 U.S.C. § 2241 on December 12, 2012, claiming that he should be released from Immigration and Custom Enforcement ("ICE") custody because he has been held for longer than six-months after a final order of removal in North Carolina. (Pet. for Writ of Habeas Corpus 4, ECF No. 1.) Petitioner also claims that he should be released because he was a juvenile when originally arrested and he was not present at an unspecified court date in May or June 2011. (*Id.* at 3-4.)

Although Petitioner does not make any legal argument in his application for habeas relief, the Court interprets his arguments as asserting a claim under *Zadvydas v.*

*Davis*, 533 U.S. 678 (2001), which prohibits continued detention of an alien after a final order of removal for longer than six months if there is no significant likelihood of removal in the reasonably foreseeable future.  533 U.S. at 701.  Respondent moves to dismiss claiming that a final order of removal was not issued in this case until April 29, 2013, and thus Petitioner's continued detention is within the presumptively reasonable six-month period of *Zadvydas*.  (Resp't's Mem. in Supp. of Mot. to Dismiss 4-6 & Ex. H, ECF No. 14-1.)  This motion is ripe for review.

## DISCUSSION

Petitioner's detention pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal.  INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  INA § 241(a)(2); 8 U.S.C. § 1231(a)(2).  Additionally, the ninety-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the

2

alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

    Here, the six-month period has not expired from the final order of removal which was issued on April 29, 2013. (Resp't's Mem. in Supp. of Mot. to Dismiss Ex. H.) Petitioner waived his right to appeal at that time, so the six-month presumptively reasonable time for removal began to run on April 29. (*Id.*) Petitioner cannot make a showing as required in *Gozo*, and his petition for habeas relief should be dismissed without prejudice as premature.

## CONCLUSION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (ECF No. 14) be granted and Petitioner's application for habeas relief be denied without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 17th day of September, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE